CHAR SAKAMOTO ISHII LUM & CHING
Attorneys at Law
A Law Corporation

| | |
|---|---|
| CAROLYN E. HAYASHI | 4234 |
| DAVID M. K. LUM | 2744 |

841 Bishop Street, Suite 850
Honolulu, Hawaii 96813
Telephone: (808) 522-5133
Facsimile: (808) 522-5144
Email: cehayashi@lawcsilc.com
Email: dmklum@lawcsilc.com

Attorneys for Plaintiffs
CARPET LINOLEUM AND SOFT TILE
LOCAL UNION 1926 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons),<br><br>          Plaintiffs, | CASE NO. 20-303<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, DELINQUENT CONTRIBUTIONS UNDER ERISA, AND BREACH OF CONTRACT UNDER THE LMRA; SUMMONS** |

618392v1

vs.

MODERN FLOORING LLC, a domestic limited liability company;

      Defendant.

# COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES

Plaintiffs TRUSTEES OF THE CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (collectively, "Plaintiffs" or "Trust Funds"), by and through their attorneys, Char Sakamoto Ishii Lum & Ching, and for a Complaint against Defendant MODERN FLOORING LLC, hereby allege and aver as follows:

    1.    Plaintiffs are the TRUSTEES OF THE CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS, which include the Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund (hereinafter collectively referred to as "Trust Funds").

    2.    Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(21)(A).

3. Specifically, the Annuity Fund is a money purchase pension plan and the Pension Fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday Funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

4. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 186(c)(5).

5. This action arises under the LMRA, ERISA and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29

U.S.C. § 185(a), and also pendant jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a) because this is where the defendant is located and where the breaches herein took place.

      6.    At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii except for the Resilient Floor Pension Fund whose principal place of business is Dublin, California. At all times herein mentioned, each of the above- named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the LMRA and a multi-employer benefit plan within the meaning of Sections 3 and 4 of  ERISA, 29 U.S.C. §§ 1002 and 1003.

      7.    At all relevant times herein, upon information and belief, Defendant MODERN FLOORING LLC ("Defendant") is and was registered as domestic limited liability company and conducting

business in the State of Hawaii.  At all material times Defendant is and was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), within the meaning of section 501(3) LMRA, 29 U.S.C. § 142(3), and is and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

        8.    The Trust Funds receive, manage and administer employee benefits for employees of Defendant, which benefits are derived from money contributions paid by Defendant in consideration of and for labor, materials and other services furnished by employers under certain Collective Bargaining Agreement ("CBA") and trust agreements appurtenant thereto ("Agreements") between Defendant and Plaintiffs.

        9.    On or about August 21, 2013, Defendant signed a Certification of Receipt and Acceptance of the Collective Bargaining Agreement Covering Floor Covering Trades in the State of Hawaii (the "Certification"), by which Defendant agreed to be bound by the terms of the CBA (also known as Master Agreement Covering

Flooring Trades in the State of Hawaii, effective from February 27, 2011 to and including February 27, 2016) and the amendments thereto, along with the various trust agreements establishing each of Plaintiffs' trusts. The Certification and the CBA are hereinafter referred to collectively as the ("Bargaining Agreements").

      10. The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

      11. Trust Funds are third party beneficiaries of the Bargaining Agreements.

      12. Defendant agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

      a. to submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

    b.  to accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable Bargaining Agreement;

    c.  to make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

    d.  to compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in amount of twenty percent (20%) of such delinquent and unpaid contributions due to each Fund or $10.00 whichever is greater, for each and every delinquent monthly contribution, which are not received by Plaintiffs by the 25th of the month immediately following the month for which the contributions accrue;

    e.  to pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that

Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

    f.    to pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions.

    13.    By agreeing to abide by such Bargaining Agreements, Defendant promised to pay to Trust Funds certain amounts for employee benefits, for work and labor performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

    14.    By said Bargaining Agreements, the Plaintiffs are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit the payroll books and records of the Defendant to permit the Trust Funds to determine whether Defendant is making full payment as required under said Bargaining Agreements.

15.   The Trust Funds repeatedly notified Defendant over several months and demanded that Defendant submit payroll registers and records for the work performed during the periods of July 1, 2015 through March 31, 2017 ("worked period") to determine whether Defendant is making full payment as required under said Bargaining Agreements.

16.   Defendant partially complied by submitting payroll registers, monthly transmittals, state quarterly unemployment reports and bank statements to Trust Funds care of their legal counsel and auditor, for the requested worked period.  However, based on the incomplete records provided by Defendant, discrepancies uncovered by the Trust Funds' auditor included:

    a.   Employee performed work covered by the Bargaining Agreements that was not reported to the Trust Funds;

    b.   Employee worked more hours during the month than the number of hours reported to the Trust Funds;

    c.   Employee worked fewer hours during the month than the number of hours reported to the Trust Funds;

     d. Non-signatory subcontractor performed work covered by the Bargaining Agreement but was not reported to the Trust Funds in express violation of the terms of the Bargaining Agreement. The number of hours listed was estimated by dividing the amounts paid per the bank statements by the applicable Journeyman taxable wage rate.

    17. Despite being informed of its incomplete response, Defendant continues to fail, neglect and refuses to submit and produce requested payroll reports and records in connection with the worked periods, and unless compelled specifically to do so, Defendant's refusal will continue. The Trust Funds have no plain, speedy and adequate remedy at law in that the payroll reports and records must be prepared by the Defendant and Defendant's continued refusal to submit payroll reports and records will give rise to a multiplicity of suits unless Defendant is ordered to submit missing or complete payroll reports and records pursuant to the Bargaining Agreements.

    18. Defendant may owe the Trust Funds contributions for Defendant's covered employees, the amount of which is

unknown at this time because Defendant has neglected and refused to submit payroll reports and records to the Trust Funds and to allow an audit of Defendant's payroll reports and records.  If such contributions are owed, those amounts, together with liquidated damages and interest, are presently due and owing and have not been paid.

    19. By said Bargaining Agreements and 29 U.S.C. §1132(g), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of 20% of such delinquent and unpaid contributions due to each respective Fund or $10.00, whichever is greater, for each and every delinquent monthly contribution, or under 26 U.S.C. §6621.

    20. Defendant's obligations to Trust Funds, pursuant to said Bargaining Agreements and trust agreements, to make contributions, are continuing obligations, and Defendant may

accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

21. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

22. By said Bargaining Agreements, Defendant further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would also pay all of the Trust Funds' auditor's fees and costs, court and collection costs, and reasonable attorney's fees..

23. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, MPPAA govern the enforcement of employer

contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> 2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

618392/9807.019            13

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

  25. Defendant's failure to submit all payroll reports and records for the worked periods in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be determined at trial.

  26. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

  27. A constructive trust should be imposed upon the assets of Defendant to be held for the benefit of those participants employed by Defendant and its beneficiaries under the Trust Funds.

  WHEREFORE, Plaintiffs pray as follows:

  (a) That the Court order and compel Defendant to submit all payroll reports and records in connection with the worked performed for the periods of **July 1, 2015 through March**

618392/9807.019  14

**31, 2017**, in accordance with the Bargaining Agreements.

  (b) That the Court order Defendant to permit the Trust Funds to audit Defendant's payroll reports and records in connection with the worked performed for the periods **July 1, 2015 through March 31, 2017** in accordance with the Bargaining Agreements.

  (c) For Judgment against Defendant for outstanding Trust Fund contributions, interest, liquidated damages or double interest, whichever is greater, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of Judgment, attorneys' fees and cost, and auditing fees;

  (d) Awarding the Trust Funds the amounts as may be determined to be due and owing, plus such other amounts as may be due and owing at the time of trial or proof;

  (e) Ordering Defendant to submit all required reports and/or payroll registers due after the date the Complaint is filed, and awarding the Trust Funds all unpaid contributions that continue to accrue;

(f) Awarding the Trust Funds liquidated damages, together with interest, as provided in the Bargaining Agreements;

(g) Awarding the Trust Funds such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof;

(h) Awarding the Trust Funds their collection costs, costs of court and reasonable attorneys' fees; and

(i) Awarding the Trust Funds any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii, <u>July 9, 2020.</u>

CHAR SAKAMOTO ISHII LUM & CHING

/s/ Carolyn E. Hayashi
CAROLYN E. HAYASHI
DAVID M. K. LUM
Attorneys for Plaintiffs
CARPET, LINOLEUM & SOFT TILE
LOCAL UNION 1926 TRUST FUNDS