IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS), <br><br>      Plaintiffs, <br><br>  vs. <br><br>MODERN FLOORING LLC, a domestic limited liability company, <br><br>      Defendant. | Civil No. 20-00303 LEK-KJM <br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS)'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS)'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

On August 27, 2021, Plaintiffs Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health &Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons) (collectively, "Plaintiffs") filed a Motion for Leave to File First Amended Complaint ("Motion").  ECF No. 65.  On September 14, 2021, Defendant Modern Flooring LLC ("Defendant") filed a Memorandum in Opposition to the Motion.  ECF No. 69.  On September 21, 2021, Plaintiffs filed a Reply.  ECF No. 72.

On October 5, 2021, the Court held a telephonic hearing on the Motion. Brian W. Tilker, Esq., and Jacob A. Kamstra, Esq., appeared on behalf of Plaintiffs.  Trisha C. Gibo, Esq., appeared on behalf of Defendant.  After carefully considering the memoranda, arguments, and the record in this case, the Court GRANTS IN PART AND DENIES IN PART the Motion.

BACKGROUND

On July 9, 2020, Plaintiffs filed a Complaint for Specific Performance, Delinquent Contributions under the Employee Retirement Income Security Act of 1974 ("ERISA"), and Breach of Contract under the Labor Management Relations Act ("LMRA") ("Complaint").  ECF No. 1.  On August 24, 2020, Defendant filed an Answer to the Complaint.  ECF No. 12.  As the Court gleans from the

Complaint, Plaintiffs are fiduciary trust funds, within the meaning of section 3(21)(A) of ERISA, *as amended*, 29 U.S.C. § 1002(21)(A).  ECF No. 1 at 2-3 ¶ 2.  Plaintiffs are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).  *Id.* at 3 ¶ 3.  Defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of LMRA, *as amended*, 29 U.S.C. § 142(3).  *Id.* at 4-5 ¶ 7.

Plaintiffs allege that Defendant agreed to be bound by the terms of a Collective Bargaining Agreement along with various Trust Agreements establishing each of Plaintiffs' trusts.  *Id.* at 5-6 ¶ 9.  Accordingly, Defendant "promised to pay to [Plaintiffs] certain amounts for employee benefits, for work and labor performed by Defendant's covered employees, which amounts would be paid to the [Plaintiffs] on or before the due dates as specified in said Bargaining Agreements."  *Id.* at 8 ¶ 13.

Plaintiffs allege that they made numerous demands for Defendant to "submit payroll registers and records for the work performed during the periods of July 1, 2015 through March 31, 2017 . . . to determine whether Defendant is making full payment as required under said Bargaining Agreements."  *Id.* at 9 ¶ 15.  Plaintiffs allege that Defendant failed to submit, or only partially submitted, "payroll reports and records for the worked periods in a timely fashion to [Plaintiffs] for hours worked by its employees . . . ."  *Id.* at 14 at ¶ 25.

LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that courts generally "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Liberality in granting leave to amend must be restrained, however, by the court's consideration of a number of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman*, 371 U.S. at 182.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "'For purposes of assessing futility on [a motion for leave to amend], the legal standard is the same as it would be on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6).'" *Strojnik v. Kapalua Land Co.*, Civ. No. 19-00077 SOM-KJM, 2019 WL 4685412, at * 2 (D. Haw. Aug. 26, 2019) (quoting *Green v. Mercy Hous., Inc.*, No. C 18-04888 WHA, 2019 WL 1255020, at *1 (N.D. Cal. Mar. 19, 2019)); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## DISCUSSION

Plaintiffs seek leave to amend the Complaint as follows: (1) to correct the name of Plaintiff Training Fund; (2) to supplement existing claims pursuant to facts revealed during discovery; (3) to expand the alleged pertinent time period; and (4) to add counts for (a) Delinquent Contributions/Assumpsit/Damages Relating to Defendant's Breach of Written Collective Bargaining Agreements and Related Trust Agreements, (b) Violation of Section 515 of ERISA, 29 U.S.C. § 1145, (c) Unjust Enrichment, (d) Fraudulent Nondisclosure, (e) Fraudulent or Intentional Misrepresentation, and (f) Negligent Misrepresentation. The Court addresses Plaintiffs' proposed amendments in turn below.

I. Party Name Correction and Fund Designation

Defendant does not oppose Plaintiffs' request to change the name of Plaintiff Training Fund to The District Counsel 50 Joint Apprenticeship & Training Fund. The Court, thus, grants the Motion in part as to this request.

Furthermore, the Court will apply the liberal standard of Rule 15 to the extent Plaintiffs' proposed first amended complaint withdraws allegations that Plaintiff Market Recovery Fund is a "multiemployer plan[]," ECF No. 1 at 3 ¶ 3, or

"an employee benefit plan," ECF No. 1 at 4 ¶ 6. The Court grants the Motion as to these amendments.

II.     Supplementation of Existing Claims

The Complaint avers that the instant action "arises under the LMRA, ERISA and the Multiemployer Pension Plan Amendments Act of 1980 . . . ." *Id.* at 3 ¶ 5. Plaintiffs' proposed first amended complaint contains additional factual allegations that the Court construes as supplementation to this averment. These proposed allegations include: descriptions of the parties' Collective Bargaining Agreements, ECF No. 65-3 at 8-9 ¶ 9, Trust Agreements and Declarations of Trust of the various Trust Funds, *id.* at 10-11 ¶¶ 11, 13, and Defendant's obligations and Plaintiffs' authorized actions under these documents, *id.* at 11-13 ¶¶ 14-16; the audit of Defendant's payroll books and records "to determine whether Defendant is making full payment as required under the Bargaining Agreements" for work performed between July 1, 2015, to March 31, 2017 ("Initial Audit Period"), *id.* at 13-15 ¶¶ 17, 18; discrepancies the auditor uncovered during the Initial Audit Period, such as work covered by the Bargaining Agreements but not reported by Defendant to the Trust Funds, *id.* at 13-15 ¶ 18; and allegations that Defendant "failed to maintain records of hours worked by Defendant's employees, workers and/or subcontractors on a project-specific basis," based on reports that "purport[ed] to provide the exact number of hours worked by Defendants'

6

employees, workers, and subcontractors subject to monthly contributions and the amount of contributions owed to each respective trust fund during the Initial Audit Period" ("Consolidated Reports"), *id.* at 16-17 ¶¶ 23-25.

The Court also construes the foregoing proposed factual allegations as context for the following two counts in Plaintiffs' proposed first amended complaint.

    A.    Delinquent Contributions/Assumpsit/Damages Relating to Defendant's Breach of Written Collective Bargaining Agreements and Related Trust Agreements

Plaintiffs' proposed Count I is styled as Delinquent Contributions/ Assumpsit/Damages Relating to Defendant's Breach of Written Collective Bargaining Agreements and Related Trust Agreements. *Id.* at 21. To the extent this claim arises out of the parties' labor contracts, it is preempted by federal labor law and, thus, granting leave to amend would be futile.

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States . . . ." 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citations omitted). Thus, any suit "alleging a violation of a provision of a labor

7

contract must be brought under § 301 and be resolved by reference to federal law." *Id.* at 1151-52 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).

The Supreme Court, however, has emphasized that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). "To extend § 301 preemption beyond its defined role 'would be inconsistent with congressional intent.'" *Id.* (quoting *Lueck*, 471 U.S. at 212. Hence, "[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights" are "'well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a [collective bargaining agreement]." *Id.* (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919-20 (9th Cir. 2018)).

Determining whether a claim is preempted under § 301 entails a two-step inquiry. First, "[d]oes the claim seek purely to vindicate a right or duty created by the [collective bargaining agreement] itself[?]" *Id.* at 1152-53 (quoting *Schurke*, 893 F.3d at 921). If so, "then the claim is preempted, and [the] analysis ends there." *Id.* (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). If not, the second inquiry is "'whether a plaintiff's state law right is

8

substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the collective bargaining agreement." *Id.* at 1153 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)).  At this second step of the analysis, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (quoting *Schurke*, 898 F.3d at 921).

Applying this framework, the Court has carefully reviewed the proposed first amended complaint and finds that Plaintiffs' proposed alleged claims in Count I seek to vindicate duties created by the Collective Bargaining Agreements. Plaintiffs allege, among other things:  "Pursuant to the Bargaining Agreements, Defendant agreed to be subject to and bound by all terms and conditions of the Trust Agreements," ECF No. 65-3 at 22 ¶ 43; "Defendant's obligations to [Plaintiffs], pursuant to the Bargaining Agreements and the Trust Agreements, to make contributions, are continuing obligations," *id.* at ¶ 44; "[p]ursuant to the Bargaining Agreements, [Plaintiffs] may institute legal proceedings to collect delinquent Employer contributions, liquidated damages, interest and attorney's fees," *id.* at ¶ 46; "[p]ursuant to the Bargaining Agreements, Defendant further promised that if it became necessary for [Plaintiffs] to take legal action to enforce payment of contributions . . . Defendant would pay all of [Plaintiffs'] auditor's fees and costs, court and collection costs, and reasonable attorneys' fees," *id.* at ¶ 47;

9

"[p]ursuant to the Bargaining Agreements, Defendant agreed that . . . it shall be conclusively presumed that all sums paid to the individuals by such Employer were wages for work for which Employer Contributions are payable to [Plaintiffs]," *id.* at ¶ 48; and "Defendant's failure to comply with the terms of the Bargaining Agreements and provide contributions as required by the Bargaining Agreements has caused damage to the [Plaintiffs] in an amount to be determined at trial," *id.* at 24 ¶ 51.  Thus, pursuant to *Burnside* and *Curtis*, the Court's inquiry ends here.

Even if the Court were to proceed to the second inquiry, however, the Court would conclude that Plaintiffs' state law claims in Count I are "substantially dependent on analysis of [the CBA]," insofar as Plaintiffs invoke the terms of the Collective Bargaining Agreements to propose allegations that Defendant failed to comply with said agreements, as well as with the Trust Agreements.

Plaintiffs' state law claims for delinquent contributions, assumpsit, and damages relating to Defendant's breach of written Collective Bargaining Agreements and related Trust Agreements are preempted by LMRA; therefore, granting leave to amend to add these claims in Plaintiffs' proposed Count I would be futile.  Accordingly, the Court denies the Motion as to this request.

  B. Violation of Section 515 of ERISA, 29 U.S.C. § 1145

Plaintiffs propose adding a separate count for Violation of Section 515 of ERISA, 29 U.S.C. § 1145, which provides:

10

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C.A. § 1145. The Court finds that the proposed additional factual allegations properly supplement this ERISA claim; hence, granting leave to amend to add the claims in Plaintiffs' proposed Count II would not be futile. The Court thus grants the Motion as to this request.

III.   Expansion of the Pertinent Time Period

Plaintiffs seek to expand the Initial Audit Period by proposing to allege that "Defendant also failed to properly submit accurate consolidated reports and contributions to the Trust Funds for the months after the Initial Audit Period." ECF No. 65-3 at 21 ¶ 40. Applying the liberal Rule 15 standard, and finding no other *Foman* factor applicable to bar this proposed amendment, the Court grants the Motion as to this proposed amendment.

IV.   Additional Claims

Plaintiffs also propose to add Count III: Unjust Enrichment, Count IV: Fraudulent Nondisclosure, Count V: Fraudulent or Intentional Misrepresentation, and Count VI: Negligent Misrepresentation, all of which are state law claims. To the extent Plaintiffs' proposed state law claims arise out of allegations that Defendant knew that its Consolidated Reports contained false information or that

11

Defendant failed to report hours worked and failed to make contributions to Plaintiffs during the Initial Audit Period, these state law claims are preempted by ERISA.

  A.  Preemption

Two types of ERISA preemption are applicable here: (1) "express" preemption under 29 U.S.C. § 1144(a); and (2) "conflict" preemption under 29 U.S.C. § 1132(a). The Court has analyzed Plaintiffs' proposed state law claims via these two strands and concludes that they are preempted by ERISA.

  1.  Express Preemption Under 29 U.S.C. § 1144(a)

Subject to certain exceptions not pertinent here, ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Under this broad provision, the Supreme Court "has identified 'two categories' of state-law claims that 'relate to' an ERISA plan – claims that have a 'reference to' an ERISA plan, and claims that have 'an impermissible connection with' an ERISA plan." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (internal quotation marks omitted) (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312 (2016)).

"A state-law claim has a 'reference to' an ERISA plan if it 'is premised on the existence of an ERISA plan' or if 'the existence of the plan is essential to the claim's survival.'" *Id.* (internal quotation marks omitted) (quoting *Or. Teamster*

*Emp'rs Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155-56 (9th Cir. 2015)). "A claim has an impermissible connection with an ERISA plan if it governs a central matter of plan administration or interferes with nationally uniform plan administration, or if it bears on an ERISA-regulated relationship." *Id.* (format altered) (citations and internal quotation marks omitted).

Courts must "look to 'the objectives of the ERISA statute as a guide,' bearing in mind a 'starting presumption that Congress d[id] not intend to supplant . . . state laws regulating a subject of traditional state power' unless that power amounts to 'a direct regulation of a fundamental ERISA function.'" *Id.* (internal quotation marks omitted) (quoting *Gobeille*, 577 U.S. at 325). The objectives of ERISA are to

> protect . . . the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C.A. § 1001(b).

A careful review of Plaintiffs' proposed additional factual allegations and proposed state law claims compels the Court to conclude that they are premised on the existence of an ERISA plan and bear on an ERISA-regulated relationship; thus, the claims are preempted. Specifically, Plaintiffs' proposed claims that

13

Defendant's misrepresentations in its monthly Consolidated Reports, *i.e.*, reporting zero hours and making zero contributions to Plaintiffs, *see* ECF No. 65-3 at 33 ¶ 86, pertain to "areas with which ERISA is expressly concerned – reporting, disclosure, fiduciary responsibility, and the like." *Depot*, 915 F.3d at 666 (internal quotation marks omitted) (quoting *Wilson v. Zoellner*, 114 F.3d 713, 720 (8th Cir. 1997)).

Likewise, Plaintiffs claim that "[t]he monthly Consolidated Reports submitted by Defendant constitute representations to [Plaintiffs]." ECF No. 65-3 at 29 ¶ 71, 32 ¶ 84. Plaintiffs further claim that Defendant knew its Consolidated Reports reflected zero hours and zero contributions made in the Initial Audit Period, "despite Defendant and/or its agents performing substantial covered work during said months." *Id.* at 33 ¶ 86. These claims are premised on the existence of an ERISA plan (that requires contributions by Defendant to Plaintiffs) and bear on an ERISA-regulated relationship (Defendant as employer and Plaintiffs as trustee beneficiaries). ERISA, thus, preempts these claims under the "reference to" and "connection with" prongs of § 1144(a). Consequently, granting leave to amend to add said claims would be futile.[1]

---

[1] At the hearing, Plaintiffs' counsel emphasized three cases in arguing against express preemption, including one raised for the first time at the hearing: *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765 (7th Cir. 2002); *Geller v. Cty. Line Auto Sales, Inc.*, 86 F.3d 18 (2d Cir. 1996); and *Trustees of the Roofers Loc. 49 Welfare Fund v. JIC Constr., LLC*, No. 3:20-CV-00259-IM, 2021 WL 1298919, at

*1 (D. Or. Apr. 7, 2021). The Court thoroughly reviewed these cases and concludes that they hurt, rather than help, Plaintiffs' arguments.

*Biondi* concerned health fund trustees' claims to recoup a participant's fraudulently obtained health benefits. In holding that the trustees' common law fraud claims were not preempted, the Seventh Circuit Court of Appeals emphasized that the fraud claim was "quite remote from the areas with which ERISA is expressly concerned – 'reporting, disclosure, fiduciary responsibility, and the like." 303 F.3d at 775. Here, by contrast, Plaintiffs' claims expressly arise from Defendant's ERISA-based reporting and disclosure obligations. *Biondi* is therefore not persuasive.

*Geller* similarly involved trustee litigation to recover a participant's fraudulently obtained health care benefits. The Second Circuit Court of Appeals first held that, under the facts of that case, the trustees had no claim to recoup the benefits under ERISA's civil enforcement mechanism. 86 F.3d at 20-22. The Court then held that the trustees' garden variety fraud claim was only tangentially related to ERISA, and therefore not preempted. The Court took care to distinguish *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F2d. 270 (2d Cir. 1992), an earlier case in which the Second Circuit held that a fraud based claim alleging failure to make pension payments for "off-the-books" workers were preempted on the ground that the claim had "as a 'critical factor in establishing liability' the existence of a plan and duties similar to those imposed by ERISA." 86 F.3d at 22-23 (quoting *Diduck*, 974 F.2d at 288). Plaintiffs' claims here also arise from ERISA plan reporting obligations, and as such, the exclusive remedy for improper conduct arising therefrom is under ERISA.

Finally, in *JIC Constr.*, a recent District of Oregon case, trustees brought an action under ERISA to collect unpaid fringe benefit contributions from an employer. The employer, in turn, filed a third-party complaint for fraud against an individual trustee, claiming that this trustee misled the employer into prematurely terminating the collective bargaining agreement ("CBA"). The District Court held that the employer's common law fraud claim – which was based upon the trustee's alleged misstatements concerning early CBA termination – was not preempted because it was not impermissibly connected with an ERISA plan. 2021 WL 1298919, at *6-7. Rather, the fraud claim was based on "the inherent duty not to make false claims" that existed "independent of any ERISA plan" and did not "touch on any ERISA-regulated relationship between the parties." *Id.* at *6. Contrary to counsel's representation at the hearing, this case focused on the employer's non-ERISA based claim against an individual trustee – essentially for lying – not the ERISA plan's claim against the employer.

### 2. Conflict Preemption Under 29 U.S.C. § 1132(a)

The second ERISA preemption strand under 29 U.S.C. § 1132(a) is designed "to provide a uniform regulatory regime over employee benefit plans." *Depot*, 915 F.3d at 667 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). Conflict preemption bars "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive . . . ." *Id.* (quoting *Davila*, 542 U.S. at 209).

Furthermore, conflict preemption can bar a state law claim "even if the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim," *Davila*, 542 U.S. at 216, "but a state law claim is not preempted if it reflects an 'attempt to remedy [a] violation of a legal duty independent of ERISA.'" *Depot*, 915 F.3d at 667 (quoting *Davila*, 542 U.S. at 214). State law claims "are based on 'other independent legal duties' when they 'are in no way based on an obligation under an ERISA plan' and 'would exist whether or not an ERISA plan existed.'" *Id.* (internal quotation marks omitted) (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009) (internal alteration omitted)).

As made clear by Plaintiffs' proposed allegations pertaining to "Defendant's obligations to [Plaintiffs], pursuant to the Bargaining Agreements and the Trust

Agreements, to make contributions," ECF No. 65-3 at 22 ¶ 44, these claims cannot be said to exist independently of said agreements.  Furthermore, the Court construes Plaintiffs' state law claims as seeking "alternative enforcement mechanisms" to ERISA.  *Depot*, 915 F.3d at 667.  ERISA, however, already provides an enforcement mechanism, under § 1132(a), to regulate Defendant's purported failure to report hours worked and contributions made pursuant to the Collective Bargaining Agreements and Trust Agreements.  As a result, Plaintiffs' proposed state law claims are preempted by ERISA under § 1132 (a); therefore, granting leave to amend said claims would be futile.

Accordingly, the Court denies the Motion as to Plaintiff's request for leave to amend to add state law claims.

## CONCLUSION

Based upon the foregoing, the Court GRANTS IN PART AND DENIES IN PART the Motion.  Specifically, the Court GRANTS the Motion as follows:  (1) to the extent Plaintiffs seek leave to correct the name of Plaintiff Training Fund to Plaintiff District Council 50 Joint Apprenticeship & Training Fund; (2) to the extent the proposed amendments withdraw allegations that the Market Recovery Fund is a multiple employer benefit plan; and (3) as to Plaintiffs' proposed count for Violation of Section 515 of ERISA, 29 U.S.C. § 1145.

The Court DENIES the Motion as to Plaintiffs' proposed counts for Delinquent Contributions/Assumpsit/Damages Relating to Defendant's Breach of Written Collective Bargaining Agreements and Related Trust Agreements, Unjust Enrichment, Fraudulent Nondisclosure, Fraudulent or Intentional Misrepresentation, and Negligent Misrepresentation.

Plaintiffs shall file their First Amended Complaint, consistent with the ruling herein, by October 20, 2021.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 6, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

*Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons) v. Modern Flooring LLC, a Domestic Limited Liability Company*, Civil No. 20-00303 LEK-KJM; Order Granting in Part and Denying in Part Plaintiffs Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health &Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons)'s Motion For Leave to File First Amended Complaint