IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS), <br><br> Plaintiffs, <br><br> vs. <br><br> MODERN FLOORING LLC, a domestic limited liability company, <br><br> Defendant. | Civil No. 20-00303 LEK-KJM <br><br> ORDER DENYING AS MOOT PLAINTIFFS CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS)'S MOTION TO DEEM CERTAIN MATTERS ADMITTED OR, ALTERNATIVELY, TO REQUIRE SUFFICIENT ANSWERS TO CERTAIN REQUESTS FOR ADMISSIONS |

ORDER DENYING AS MOOT PLAINTIFFS CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (ANNUITY FUND, HEALTH & WELFARE FUND, MARKET RECOVERY FUND, PENSION FUND, TRAINING FUND, AND VACATION & HOLIDAY FUND, BY THEIR TRUSTEES DOUGLAS KEMA, JR., RYDEN VALMOJA, PATERNO ASUNCION, MALCOLM NAKAMURA, MARC MATSUBARA, KEITH EMERSON, AND TIM LYONS)'S MOTION TO DEEM CERTAIN MATTERS ADMITTED OR, ALTERNATIVELY, TO REQUIRE <u>SUFFICIENT ANSWERS TO CERTAIN REQUESTS FOR ADMISSIONS</u>

On November 1, 2021, Plaintiffs Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons) (collectively, "Plaintiffs") filed a Motion to Deem Certain Matters Admitted or, Alternatively, to Require Sufficient Answers to Certain Requests for Admissions ("Motion").  ECF No. 86.  On November 24, 2021, Defendant Modern Flooring LLC ("Defendant") filed a Memorandum in Opposition to the Motion ("Opposition").  ECF No. 96.  On December 1, 2021, Plaintiffs filed a Reply to the Motion ("Reply").  ECF No. 97.

After carefully reviewing the Motion, Opposition, Reply, and applicable law, the Court elects to decide the Motion without a hearing pursuant to LR7.1(c). The Court finds that the Subject Requests (Plaintiffs' First Request for Admissions numbered 5-14, 18-31, 35-42, 47-48, 55-59, 63-65, 72-79, 95-100, 103-106, 108-109, 116-119, 123-127, 131-134, 138-141, 145-148, 152-155, 159-162, 164-167, 171-174, 176-179, 183-186, 190-193, 197-200, 204-207, 211-214, 216-219, 223-226, 228-231, 235-238, 242-245, 249-252, and 256-260) were deemed admitted as a result of Defendant's failure to provide a timely response thereto.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party to whom the request is directed serves on the requesting party a written answer or objection . . . .").

Defendant's "General Objections" do not indicate the specific admissions to which they pertain, and they are not permitted by Federal Rules of Civil Procedure ("FRCP") 26(g), 36(a)(4)-(5), or LR26.2(b).  The "General Objections" are hereby stricken.  Similarly, Defendant's July 20, 2021 letter does not identify specific objections to particular admissions, and as such it also fails to meet the requirements of FRCP 26(g), 36(a)(4)-(5), or LR26.2(b).  Accordingly, pursuant to FRCP 36(a)(3), the Subject Requests were deemed admitted automatically, and Plaintiffs were not required to file the Motion.  *See Layton v. Int'l Ass'n of Machinists & Aerospace Workers*, 285 F. App'x 340, 341 (9th Cir. 2008) (citation omitted) ("There is no dispute that [the plaintiff] did not respond on time; the facts were thus admitted without the need for any further action by the court or the parties."); *F.T.C. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested . . . . No motion to establish admissions is needed because Federal Rule of Civil Procedure (36)(a) is self-executing."); *see also* 7 James Wm. Moore et al., Moore's Federal Practice § 36.03[1] (3d ed. 1997) ("[A] party need not file a motion for a court order to conclusively establish matters in unanswered requests for admission.  Because unanswered requests for admissions are automatically deemed judicially admitted under Rule 36(a)(3), no

court intervention is required."). For the foregoing reasons, the Court thus DENIES the Motion AS MOOT.

Based upon the foregoing, the Court also finds that an award of attorneys' fees and costs would be unjust under FRCP 37(a)(5)(A) and DENIES Plaintiffs' request for same.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 13, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

*Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, By Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, And Tim Lyons) v. Modern Flooring LLC, a Domestic Limited Liability Company*, Civil No. 20-00303 LEK-KJM; Order Denying Plaintiffs Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds (Annuity Fund, Health & Welfare Fund, Market Recovery Fund, Pension Fund, Training Fund, and Vacation & Holiday Fund, by Their Trustees Douglas Kema, Jr., Ryden Valmoja, Paterno Asuncion, Malcolm Nakamura, Marc Matsubara, Keith Emerson, and Tim Lyons)'s Motion to Deem Certain Matters Admitted or, Alternatively, to Require Sufficient Answers to Certain Requests for Admissions